FILED '05 JAN 07 11:23 USDC-ORM

Keith D. Karnes OSB # 03352
Olsen, Olsen & Daines
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
(503)362-9393

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Danny and JoAnn Sinclair,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Giove Law Office, P.C.; and Providian<br>Bancorp Services<br><br>                    Defendants. | Case No. 05-3003-CO<br><br>Complaint for Violation of Fair Debt<br>Collection Practices Act.<br><br>**JURY REQUESTED** |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs, Danny and

JoAnn Sinclair, natural consumers, against Defendant, Giove Law Office, P.C., for violations

of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (herein "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

Venue in this District is proper because Defendant conducts business in Oregon and the

conduct complained of occurred within the District.

Page 1 – COMPLAINT

Rec #100000087

### III.  PARTIES

3.  Plaintiffs are natural persons, husband and wife, residing in Grants Pass, Oregon.

4.   Defendant is a New York corporation with its principal place of business located in Niagra Falls, New York.  Defendant is not licensed to do business in the state of Oregon. The principal purpose of Defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant is engaged in the collection of debts from consumers using the telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

6.  Defendant Providian hired Defendant Giove to collect the debt Plaintiffs owes Defendant.

7.  On May 25, 2004, employee for Defendant contacted Plaintiffs four times.

8.  On May 26, 2004, employee for Defendant contacted Plaintiffs four times.

9.  On June 03, 2004, employee for Defendant contacted Plaintiffs two times.

10. Plaintiffs received a demand for payment from Defendant.  The correspondence stated "In the event you continue to ignore your obligation, this office will assume you have no intention on resolving your debt and will have no choice but to advise our client as to what other legal recourse they may have, most notably, commencing a legal action in order to obtain and enforce a court ordered judgement.  In the event a judgement is filed against you, your wages may be garnished and personal property put in jeopardy."

11. On June 16, 2004, employee for Defendant contacted Plaintiffs four times.

Page 2 – COMPLAINT

12. On July 07, 2004, employee for Defendant contacted Plaintiffs ten times within ten minutes.

13. Plaintiffs informed Defendant on multiple occasions they had retained an attorney for bankruptcy purposes. Employee for Defendant stated "we can do as we damn well please."

14. Defendant Providian is liable for the acts of Giove Law Office.

## V. CLAIM FOR RELIEF

15. Defendant's action in continuously contacting Plaintiffs is a violation in the FDCPA, 15 U.S.C. 1692d(5).

16. Defendant's action in contacting Plaintiffs after being informed of representation of an attorney is a violation of the FDCPA, 15 U.S.C. 1692c(2).

17. Defendant's action in threatening legal action, garnishment and threatening Plaintiffs personal property being put in jeopardy is a violation of the FDCPA, 15 U.S.C. 1692e(4).

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiffs for declaratory judgment the Defendant's actions violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, plaintiffs Danny and JoAnn Sinclair respectfully request that judgment be entered against Defendants jointly and severally as follows:

A.    Declaratory Judgment that Defendant's actions violated the FDCPA;

B.    Actual Damages; in the amount of $5,000.00

C.    Statutory Damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00;

D.    Punitive Damages in the amount of $10,000.00;

1

E.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

2

F.      For such other relief that the Court may deem just and proper.

3

4

DATED this 4th day of January, 2005.

5

6

7                                   By _____

8                                       Keith D. Karnes, OSB # 03352
                                        of Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 4 – COMPLAINT